IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Gabriel Ojeda, on behalf of himself and all other plaintiffs similarly situated, | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No.: 1:17-cv-928 |
| | ) |
| J & C of Geneva Corporation, d/b/a Old Towne Pub & Eatery, and Chrisopher Cellini | )<br>)<br>)<br>) |
| Defendants. | ) |

### COLLECTIVE ACTION COMPLAINT

NOW COMES Plaintiff Gabriel Ojeda ("Gabriel") on behalf of himself and all other plaintiffs similarly situated, by and through his attorneys, and for his Collective Action Complaint against Defendants J & C of Geneva Corporation d/b/a Old Towne Pub & Eatery ("Old Towne Pub") and Chrisopher Celini ("Christopher") states as follows:

### Nature of the Action

1. This civil action is brought by the above-named plaintiff brings this collective action claim for overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA") pursuant to 29 U.S.C. § 216(b). The Plaintiff also brings individual claims under the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1 *et seq*. and the Illinois Wage Payment and Collection Act, 820 ILCS 115 ("IWPCA").

**Parties**

2. Plaintiff works as a busboy for Old Towne Pub. His primary duties were cleaning and clearing off tables.

3. Defendant Old Towne Pub is an Illinois corporation owning and operating a restaurant located at 201 W. State St. Geneva, Illlinois 60134.

4. Defendant Chrisopher Celini is an owner of Old Towne Pub and upon information and belief oversaw and instituted the illegal pay practice alleged herein.

**Jurisdiction and Venue**

5. Subject matter jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by 29 U.S.C. § 216(b).

6. Venue is proper in this Judicial District as all of the events arising out of this case arose in this Judicial District.

**Factual Allegations**

7. Gabriel has worked for Defendants for the past 11 years.

8. Defendants have a policy and practice of not paying Gabriel and other similarly situated employees for overtime hours worked.

9. Gabriel was working a substantial amount of overtime but was not getting paid for it. Beginning around April or May of 2016 he has been getting paid for some, but not all of the overtime hours worked. He was not paid for all of the overtime hours worked as the Department of Labor and the law require.

10. Plaintiff performed his job responsibilities for Defendants in the State of Illinois.

11. Gabriel typically worked between 78-80 hours per week.

12. Other similarly situated employees have been employed by the Defendants and have not been paid the required overtime wages.

13. The named Plaintiff was not exempt from the overtime provisions of the FLSA.

14. Defendants managed Plaintiff's work, including the amount of overtime required to be worked, and also dictated, controlled, and ratified the compensation and all related employment policies of Defendant Old Towne Pub.

## **COLLECTIVE ACTION ALLEGATIONS**

15. Plaintiff seeks to maintain this suit as a collective action pursuant to 29 U.S.C. §216(b) on behalf of himself and all other non-exempt employees who worked overtime and was not fully compensated. ("FLSA Class")

16. Plaintiff and other similarly situated current and former employees in the asserted class regularly worked over 40 hours per week.

17. At all times material to this Complaint, Defendants failed to comply with the FLSA in that Plaintiff and those similarly situated to Plaintiff performed services for Defendants for which no provision was made by Defendants to pay Plaintiffs and similarly situated persons the correct overtime rate of pay.

18. Plaintiff and asserted members of the collective are similarly situated because, inter alia, they were all were not paid the required overtime rate but were entitled under the FLSA to the paid overtime rate of one and one-half times their normal rate of pay for all work in excess of 40 hours per week; and had such rights undermined and neglected by Defendants' unlawful practices and policies

19. Defendants have encouraged, permitted, and required the Class to work without required full overtime compensation of one and one-half times the normal wages.

20. Defendants have known that Plaintiff and other members of the FLSA Class have been deprived of required overtime compensation. Nonetheless, Defendants have operated under a scheme to deny the Plaintiffs and the Class required compensation of one and one-half time normal wages for all work in excess of 40 hours of the FLSA Class.

21. Defendants conduct, as alleged herein, was willful and has caused significant damage to Plaintiff and other members of the FLSA class.

22. There are estimated to be over 20 current and former employees within the asserted class for this collective action during the material time who are similarly situated to Plaintiffs. With such numbers of similar claims for unpaid compensation, a collective action is superior procedure for adjudicating such claims. Plaintiffs request that the Court authorize and supervise notice to the members of the asserted classes so that all claims may be resolved efficiently in a single proceeding.

23. The records, if any, should be in the custody or control of Defendants concerning the members of the asserted collective, the number of hours actually worked by Plaintiffs and all other similarly situated employees, and the compensation actually paid, or not paid, to such employees.

24. Plaintiff will fairly and adequately protect the interests of each proposed class member and have retained counsel that is experienced in class/collective actions and employment litigation. Plaintiffs have no interest that is contrary to, or in conflict with, members of the collective

**COUNT I - FAIR LABOR STANDARDS ACT**
**(Plaintiff Individually and on Behalf of All**
**Similarly Situated Employees Pursuant to 29 U.S.C. §216)**

25. The Plaintiff re-alleges and incorporates by reference paragraphs 1-24.

26. In addition to his regular rate of pay, Gabriel was paid .02% of collected tips. However, this amount was not added into his wage for determining his "regular rate" for overtime purposes.

27. Under the FLSA, Plaintiff and the Class (hereinafter referred to as "The FLSA Class") were entitled to be paid at the overtime rate by Defendants for each hour worked in excess of 40 hours each workweek.

28. The overtime rate is computed by multiplying 1.5 times an employee's regular hourly rate, which includes all non-discretionary compensation paid to employees.

29. Defendants failed to compensate The FLSA Class at the overtime rate for all work performed in excess of 40 hours per week in violation of the FLSA.

30. In 2016 Gabriel asked Christopher Cellini why he was not being paid correctly and was told something around the lines of "I am paying you too much already."

31. Upon information and belief, Defendants' practices were not based upon Defendants' review of any policy or publication of the United States Department of Labor and therefore was willful and deliberate. The violations are also willful because the Defendants have also been sued for FLSA violations in another case entitled: *Eladio Corona and Jose Corona, v. J & C of Geneva Corporation d/b/a Old Towne Pub & Eatery and Chrisopher Cellini.*

32. Due to Defendants violations of the FLSA, the FLSA Class is entitled to recover from Defendant their unpaid compensation, liquidated damages, reasonable attorney's fees, and the costs of this action, pursuant to 29 U.S.C. §216(b).

WHEREFORE, the Plaintiff requests the following relief, individually and on behalf of similarly situated employees:

    A.    Unpaid Compensation and Overtime;

    B.    An additional amount equal as liquidated damages;

    C.    Prejudgment interest; and

    D.    Reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b)

    E.    Such other and further relief as this Court deems appropriate and just.

## COUNT II - ILLINOIS MINIMUM WAGE LAW
### (Plaintiff Individually)

33. Plaintiff hereby alleges and incorporates Paragraph 1 through 32 of this Complaint, as is fully set forth herein.

34. This count arises from Defendants' violation of the overtime compensation provisions of the IMWL, 820 ILCS § 105/1 *et seq*.

35. Under the IMWL, Defendants were and remain obligated to compensate Plaintiff for all hours worked in excess of 40 hours in any individual work week. Overtime compensation must be paid at a rate of not less than one and one-half times the regular rate of pay.

36. Plaintiff was regularly permitted, encouraged and/or required to work in excess of 40 hours per week but was not compensated at the required one and one-half times normal rate for such overtime work.

37. By failing to pay overtime compensation due to Plaintiff, Defendants willfully, knowingly and/or recklessly violated the IMWL which requires overtime compensation of one and one-half times normal rate to be paid.

38. As a result of Defendant's policy and practice of withholding overtime compensation, Plaintiff and similarly situated employees have been damaged in that they have not received wages due to them pursuant to the IMWL.

39. Defendants have made it difficult to account with precision for the unpaid overtime worked by Plaintiff during the liability period because they did not make, keep and preserve records of all hours worked by such employees.

WHEREFORE, Plaintiff requests the following relief:

A. A declaratory judgement that Defendants violated the minimum wage provisions of the IMWL as to the Plaintiff;

B. A declaratory judgement that Defendants' violations of the IMWL were willful;

C. A judgment to Plaintiff in the amount of unpaid wages;

D. A judgment to Plaintiff of punitive damages, including statutory interest of 2% per month, as provided by IMWL;

    E.    A judgement to Plaintiff of reasonable attorneys' fees and costs incurred in filing this action; and

    F.    Such other and further relief as this Court deems appropriate and just.

## COUNT III
## VIOLATION OF THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT.
### (Plaintiff Individually)

40. Plaintiff hereby alleges and incorporates Paragraph 1 through 39 of this Complaint, as is fully set forth herein.

41. This count arises from Defendants' violation of the IWPCA, 820 ILCS 115.

42. 820 ILCS §115/4 provides in part that"[a]ll wages earned by any employee during a semi-monthly or bi-weekly pay period shall be paid to such employee not later than 13 days after the end of the pay period in which such wages were earned."

43. Plaintiff has not been paid for all of his wages, as Defendants had fallen behind paying him. An outstanding amount of $21,000 remains unpaid.

44. 820 ILCS 115/14 provides the Plaintiff with statutory damages of 2% per month for when payments were not made and costs and all reasonable attorney's fees.

WHEREFORE, Plaintiffs request the following relief, individually and on behalf of similarly situated employees:

    A.    A declaratory judgment that Defendants violated the IWPCA as to the Plaintiff;

    B.    A declaratory judgment that Defendants' violations of the IWPCA were willful;

    C.    A judgment to Plaintiffs in the amount of unpaid wages;

    D.    A judgment to Plaintiffs of punitive damages as provided by IWPCA;

E. A judgment to Plaintiffs of reasonable attorneys' fees;

F. Costs incurred in filing this action; and

G. Such other and further relief as this Court deems appropriate and just.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all questions of fact raised by this Complaint, including the FLSA claims.

Dated February 1, 2017            Respectfully Submitted,

By: /s/ David Fish
One of the Attorneys for the Plaintiff

David J. Fish
Kimberly Hilton
John Kunze
THE FISH LAW FIRM
200 E 5th Ave Suite 123
Naperville, IL 60563
(630) 355-7590